[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: STATE'S MOTION TO TRANSFER
On July 16, 2001, the defendant, Edward Kurdy, was arrested, pursuant to a warrant, and charged with sexual assault in the first degree, in violation of General Statutes § 53a-70. Sexual assault in the first degree is a class B felony. General Statutes § 53a-70 (b). On July 26, 2001, the defendant was presented in Juvenile Court in Waterbury.[1]
On that date, the matter was transferred, as an "automatic transfer offense," to the adult criminal court at geographical area #5 in Derby, for the defendant to be prosecuted as an adult. The defendant first appeared in adult court on July 27, 2001. On August 13, 2001 the case was transferred to the Part A docket of the Superior Court in the Ansonia/Milford judicial district at Milford, to be held on August 30, 2001. The case has been pending since that date in Part A in the Ansonia/Milford Judicial District.
On October 8, 2002, the state's attorney filed a substituted information, reducing the offense charged to sexual assault in the third degree, in violation of General Statutes § 53a-72a. Sexual assault in the third degree is a class D felony. General Statutes § 53a-72a
(b). In addition to reducing the charge, the state's attorney also moved to transfer the matter back to the juvenile court in Waterbury. Counsel for the defendant joined in the request to return the matter to juvenile court. Counsel for the victim opposed the transfer back to juvenile court. The court heard arguments from the parties on October 8, 2002.
The decision in this matter is governed by General Statutes §46b-127. General Statutes § 46b-127 (a) provides that "[t]he court shall automatically transfer from the docket for juvenile matters to the regular criminal docket of the Superior Court the case of any child charged with the commission of a capital felony, a class A or B felony . . ., provided such offense was committed after such child attained the age of fourteen years. . . . (Emphasis added.) In that the defendant was originally charged with sexual assault in the first degree, a class B CT Page 16038 felony, and was over the age of fourteen years, the original transfer of this case from the juvenile docket to the adult criminal docket was mandatory, nondiscretionary and automatic under the statute. See Statev. Angel C., 245 Conn. 93, 126, 715 A.2d 652 (1998); State v. Jose C., Superior Court, judicial district of New Haven at New Haven, Docket No. 421185 (March 21, 1996, Devlin, J.) (16 Conn.L.Rptr. 419). The mandatory transfer required neither a motion by the prosecutor nor an order by the court. Although the original transfer was mandatory, as the original charge was a class B felony, the prosecutor had the discretion to move to have the case returned to the juvenile docket. General Statutes §46b-127 (a) provides, in part, that "[a] state's attorney may, not laterthan ten working days after [arraignment of the juvenile in the regular criminal docket], file a motion to transfer the case of any child charged with the commission of a class B felony to the docket for juvenile matters. . . ." (Emphasis added.) The court, after hearing, would have the discretion to grant the motion to return the case to juvenile court. Id.
The prosecutor in this matter, however, filed a substitute information, reducing the charge to sexual assault in the third degree, which is a class D felony. If the defendant had originally been charged with the class D felony, transfer of the case from juvenile court to adult court would have been discretionary, not mandatory, and would only have occurred "[u]pon motion of a juvenile prosecutor and order of the court. . . ." General Statutes § 46b-127 (b). Similar to the situation with a mandatory transfer of a class B felony, the court also has the discretion to return a class C or D felony matter, which had been discretionarily transferred, back to the docket for juvenile matters. Id. The statute provides that "[t]he court sitting for the regular criminal docket may return any such case to the docket for juvenile matters not later than ten working days after the date of the transfer [from juvenile court]." (Emphasis added.) In both situations in which the statute allows the return of cases back to the juvenile docket, the return is required to be made within ten working days of arraignment in adult court. In this case, the motion to return was made almost fifteen months after the original transfer.
This court has reviewed the legislative history of General Statutes § 46b-127, with particular emphasis to the changes brought about by Public Act 95-225. Although it can be argued that the intent of the legislature, in enacting the ten day deadline to return matters to juvenile court, was to protect the confidentiality of juvenile matters,[2] no limitation is contained in the express wording of the statute. The court also notes that, pursuant to the statute, juveniles who are detained come under the custody of the CT Page 16039 adult Commissioner of Correction "upon the expiration often working days after the arraignment" in adult court, if no motion to return the case to juvenile court is filed. General Statutes §46b-127 (d). In addition, "[a]ny child transferred to the regular criminal docket who pleads guilty to a lesser offense shall not resume his status as a juvenile regarding said offense. General Statutes § 46b-127 (c). These provisions of the statute weigh against reading the ten day limitation as being only applicable in the context of protection of the confidentiality of juvenile matters. These sections make it more clear that the intent of the ten day limitation is to finalize the transfer of juvenile matters to adult court if not returned within a reasonably short period of time.
This court is hesitant to intrude on the wide discretion afforded prosecutors in the decision who to prosecute, for what charges and in what manner. See generally State v. Angel C., supra, 245 Conn. 118-19;Massameno v. Statewide Grievance Committee, 234 Conn. 539, 574-75,663 A.2d 317 (1995). "[T]he basis of prosecutorial charging decisions is one area not generally well suited for broad judicial oversight because it involve[s] exercises of judgment and discretion that are often difficult to articulate in a manner suitable for judicial evaluation. . . . The judicial branch . . . [is] not in the best position to consider the various factors that prosecutors weigh, such as the strength of the evidence, the visibility of the crime, the availability of resources and possible deterrent effects. Nor is the judicial branch anxious to consider the validity of various rationales advanced for particular charging decisions. The various factors that go into the decision of whether to recommend transfer to the juvenile docket is as unique to the prosecutorial function as any other charging decision. (Citation omitted, internal quotation marks omitted.) State v. Angel C., supra, 245 Conn. 119. For this reason, it is also within ". . . the exercise of prosecutorial discretion regarding whether a case should be returned to the juvenile docket . . ." State v. Jose C., supra, Superior Court, Docket No. 421185; see also Massameno v. Statewide Grievance Committee, supra,234 Conn. 575; State v. Angel C., supra, 245 Conn. 93. This ". . . is not an area well-suited to judicial oversight." State v. Jose C., supra, Superior Court, Docket No. 421185.
If timely filed, the court may have been inclined to grant the motion to return this matter to the juvenile docket, as an act falling within the wide discretion afforded prosecutors. The court is, however, required to follow the clear and unambiguous wording of the statute which authorizes the court to return a matter to the juvenile docket "not later than ten working days after the date of the transfer." General Statutes § 46b-127 (b). The state's motion to transfer this matter back to the CT Page 16040 juvenile docket is denied.
 ___________________ HOLDEN, J.